UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
RUDY ORDONEZ, on behalf of himself and
as class representative of all those
similarly situated,

                Plaintiffs,

                              MEMORANDUM & ORDER
   -against-                        13-CV-4650(JS)(AKT)

MIO POSTO RESTAURANT, INC. (d/b/a MIO
POSTO RISTORANTE ITALIANO; and JERRY
SANTANGELO, individually,

                Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:        Jose G Santiago, Esq.
                       The Santiago Law Firm, P.C.
                       201 Moreland Road, Suite 10
                       Hauppauge, NY 11788

                       Alireza Hedayati, Esq.
                       Hedayati Law Group, P.C.
                       900 Wheeler Road, Suite 225
                       Hauppauge, NY 11788

For Defendants:      Cary Scott Goldinger, Esq.
                       400 Garden City Plaza, Suite 420
                       Garden City, NY 11530

SEBYERT, District Judge:

        On August 19, 2013, plaintiff Rudy Ordonez ("Plaintiff") commenced this action against defendants Mio Posto Restaurant, Inc. and Jerry Santangelo (collectively, "Defendants") asserting claims for unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law, N.Y. Lab. Law § 190 et seq. On February 18, 2014, the parties filed a stipulation of dismissal stating that the parties had

reached a settlement.  (Docket Entry 18.)  However, because this action seeks unpaid wages under the FLSA, on February 19, 2014, the Court ordered the parties to file a copy of their proposed settlement agreement on the public docket and show cause why the settlement agreement reflects a reasonable compromise of Plaintiff's claims.  ("Order to Show Cause," Docket Entry 19.)  On March 13, 2014, Defendants filed a letter motion requesting permission to file the proposed settlement agreement under seal.  ("Defs.' Letter Mot.," Docket Entry 20.)  Plaintiff does not oppose Defendants' request.  For the following reasons, Defendants' motion is DENIED.

DISCUSSION

"There is a well-established presumption favoring full and complete access to court proceedings and judicial documents." Hens v. Clientlogic Operating Corp., No. 05-CV-381S, 2010 WL 4340919, at *1 (W.D.N.Y. Nov. 2, 2010) (citations omitted).  "While most settlement agreements are private, and, therefore, are not judicial documents subject to a presumption of public access, 'FLSA cases are different.'"  Bouzzi v. F & J Pine Restaurant, LLC, 841 F. Supp. 2d 635, 639 (E.D.N.Y. Jan. 11, 2012) (quoting Hens, 2010 WL 4340919, at *2).  The "FLSA places 'strict limits on an employee's ability to waive claims for fear that employers [will] coerce employees into settlement and waiver.'" Mosquera v. Masada Auto Sales, Ltd., No. 09-CV-4925, 2011 WL 282327, at *1 (E.D.N.Y.

2

Jan. 25, 2011) (alteration in original) (quoting Le v. SITA Info. Networking Computing USA, Inc., 07-CV-0086(JS), 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Thus, as the Court explained in its prior Order to Show Cause, Plaintiff "may not waive or otherwise settle [his] FLSA claim for unpaid wages for less than the full statutory damages unless the settlement is supervised by the Secretary of Labor or made pursuant to a judicially supervised stipulated settlement." Wolinksy v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citing Mosquera, 2011 WL 282327, at *1).

"Because judicial approval is required for settlement under the FLSA, settlement agreements in FLSA cases are judicial documents to which a presumption of public access applies." Martinez v. Ragtime Foods of N.Y., Inc., No. 11-CV-1483, 2011 WL 5508972, at *1 (E.D.N.Y. Nov. 10, 2011); see also Bouzzi, 841 F. Supp. 2d at 639 ("Where, as here, the FLSA settlement is submitted to the court for approval, the approval process is a judicial act. Consequently, the settlement agreement is a judicial document to which the presumption of public access attaches." (citations omitted)). As one court explained, there are two bases that support public access to FLSA settlement agreements:

> First is the general public interest in the content of documents upon which a court's decision is based, including a determination of whether to approve a settlement. Second is the private-public character of employee

3

> rights under the FLSA, whereby the public has an independent interest in assuring that employees wages are fair and thus do not endanger the national health and well-being.

Hens, 2010 WL 4340919, at *2 (emphasis added) (internal quotation marks and citations omitted). Accordingly, "there is a strong presumption in favor of keeping settlement agreements in FLSA wage-settlement cases unsealed and available for public view . . . ." Id. (internal quotation marks and citation omitted). Parties seeking to file an FLSA settlement agreement under seal must therefore make a "substantial showing that their need to seal the agreement outweighs the strong presumption of public access that attaches to such judicial documents." Bouzzi, 841 F. Supp. 2d at 639 (citing Joo v. Kitchen Table, Inc., 763 F. Supp. 2d 643, 647 (S.D.N.Y. 2011)).

Defendants have failed to make such a substantial showing. Defendants first contend, without providing any legal support, that the proposed settlement agreement should be filed under seal because "the settlement itself was conditioned on confidentiality and that condition facilitated th[e] settlement." (Defs.' Letter Mot. at 1.) However, that the parties wish to keep the settlement agreement confidential "'is an insufficient interest to overcome the presumption that an approved FLSA settlement agreement is a judicial record, open to the public.'" Wolinsky, 900 F. Supp. 2d at 338 (quoting Joo, 763 F. Supp. 2d at

4

648); see Curasi v. Hub Enters., Inc., No. 11-CV-2620, 2012 WL 728491, at *2 (E.D.N.Y. Mar. 5, 2012) ("[T]he fact that confidentiality is a material condition of the [FLSA] settlement agreement without which settlement will not be feasible will not overcome the presumption of public access." (internal quotation marks and citation omitted)); see also Martinez, 2011 WL 5508972, at *1 ("[M]utual agreement by the parties to seal an FLSA settlement agreement is insufficient to prevent its disclosure.") (collecting cases). The many courts "that have considered this sort of justification for sealing the settlement agreement . . . have roundly rejected it." Joo, 763 F. Supp. 2d at 648 (collecting cases).

In addition, Defendants' concern that public disclosure of the settlement agreement will spawn additional FLSA claims is also insufficient to outweigh the presumption of public access. See Curasi, 2012 WL 728491, at *2 (denying motion to seal FLSA settlement agreement in order to avoid "copycat lawsuits" because "[a] business's general interest in keeping its legal proceedings private does not overcome the presumption of openness" (alteration in original) (internal quotation marks and citation omitted)); Hens, 2010 WL 4340919, at *4 ("Defendant's interest in avoiding additional litigation is not sufficient to overcome the presumption of access."). As one court explained,

5

> [s]ealing an FLSA settlement agreement between an employer and employee, reviewing the agreement in camera, or reviewing the agreement at a hearing without the agreement's appearing in the record . . . thwarts Congress's intent both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace.

Wolinsky, 900 F. Supp. 2d at 339 (alteration in original) (quoting Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1245 (M.D. Fla. 2010)). Although "an employee whose rights have been vindicated through the FLSA may inform and encourage other employees to do the same, 'vindication of FLSA rights throughout the workplace is precisely the object Congress chose to preserve and foster through the FLSA.'" Bouzzi, 841 F. Supp. 2d at 642 (quoting Hens, 2010 WL 4340919, at *4). Thus, "'[p]reventing the employee's co-workers or the public from discovering the existence or value of their FLSA rights is an objective unworthy of implementation by judicial seal.'" Id.

Accordingly, Defendants have not demonstrated that their interest in sealing the settlement agreement outweighs the presumption of public access. Defendants' request to file the settlement agreement under seal is therefore DENIED.

## CONCLUSION

For the foregoing reasons, Defendants' motion to file the proposed settlement agreement under seal is DENIED. If the parties still wish to settle this action, they are hereby ORDERED

6

to comply with the directives in the Court's prior Order to Show Cause.  If the parties choose this course of action, the proposed settlement agreement may not include a confidentiality provision.  In the alternative, the parties may file a letter indicating their intention to abandon their settlement and continue to litigate this action.  The parties must take one of the above-mentioned actions within thirty (30) days of the date of this Order.

                                  SO ORDERED.

                              /s/ JOANNA SEYBERT
                              Joanna Seybert, U.S.D.J.

Dated:    April  21 , 2014
           Central Islip, NY