```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
RUDY ORDONEZ, on behalf of himself and
as class representative of all those
similarly situated,

                    Plaintiffs,
                                                MEMORANDUM & ORDER
         -against-                              13-CV-4650(JS)(AKT)

MIO POSTO RESTAURANT, INC. (d/b/a MIO
POSTO RISTORANTE ITALIANO, and JERRY
SANTANGELO, individually,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:     Jose G Santiago, Esq.
                   The Santiago Law Firm, P.C.
                   201 Moreland Road, Suite 10
                   Hauppauge, NY 11788

                   Alireza Hedayati, Esq.
                   Hedayati Law Group, P.C.
                   900 Wheeler Road, Suite 225
                   Hauppauge, NY 11788

For Defendants:    Cary Scott Goldinger, Esq.
                   400 Garden City Plaza, Suite 420
                   Garden City, NY 11530
```

SEYBERT, District Judge:

Pending before the Court is a proposed settlement agreement that the parties have submitted for judicial approval in this Fair Labor Standards Act ("FLSA") action. (Docket Entry 23.) As discussed below, the parties' request for approval of the agreement is DENIED because the agreement does not indicate the amount offered in settlement of Plaintiff's claim for attorneys' fees.

DISCUSSION

Plaintiff "may not waive or otherwise settle [his] FLSA claim[s] for unpaid wages for less than the full statutory damages unless the settlement is supervised by the Secretary of Labor or made pursuant to a judicially supervised settlement." Wolinksy v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. July 5, 2012); see also Joo v. Kitchen Table, Inc., 763 F. Supp. 2d 643, 644 (S.D.N.Y. 2011); Martin v. Kristal Auto Mall Corp., No. 12-CV-3439, 2013 U.S. Dist. LEXIS 8499, at *2 (E.D.N.Y. Jan. 22, 2013); Martinez v. Ragtime Foods of N.Y., Inc., No. 11-CV-1483, 2011 WL 5508972, at *1 (E.D.N.Y. Nov. 10, 2011); Mosquera v. Masada Auto Sales, Ltd., No. 09-CV-4925, 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011). But see Picerni v. Bilingual Seit & Presch. Inc., No. 12-CV-4938, 2013 WL 646649 (E.D.N.Y. Feb. 22, 2013).

"Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." Wolinsky, 900 F. Supp. 2d at 336 (citing 29 U.S.C. § 216(b) ("The Court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." (emphasis in original))). So that the Court may determine the reasonableness of proposed attorneys' fees, "counsel must submit evidence providing a factual basis for the award." Id. (citation omitted).

Here, the proposed settlement agreement states that the settlement amount "represents a complete settlement release and waiver of any claims potential or otherwise for allegedly lost wages, benefits or other compensation, mental physical or other personal injuries, pain and suffering, <u>attorneys' fees</u>, costs and other relief which Plaintiff may have against Defendants." (<u>See</u> Agreement ¶ 3(b) (emphasis added).) However, the Agreement does not specifically indicate how much of the settlement amount is set aside for an award of attorneys' fees, nor has counsel provided any evidence supporting an award of attorneys' fees. Without this information, the Court cannot assess the reasonableness of a fee award and therefore cannot approve the proposed agreement.

[REMAINDER OF THIS PAGE LEFT BLANK INTENTIONALLY]

## CONCLUSION

For the foregoing reasons, the parties' request for approval of the proposed settlement agreement is DENIED. If they parties still wish to settle this action, they are hereby ORDERED to file a revised settlement agreement identifying the specific settlement amount allocated to an award of attorneys' fees within thirty (30) days of this Memorandum and Order. Additionally, Plaintiff's counsel is ORDERED to submit evidence providing a factual basis for such award.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August ___, 2014
       Central Islip, NY